IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE KENNETH BRINSON, | : | Civil Action No. 3:12-CV-1451 |
| | : | |
| Plaintiffs, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

June 24, 2015

**BACKGROUND:**

Plaintiff Eugene Kenneth Brinson filed a complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et. seq.* against the United States of America for injuries he suffered after eating chicken tainted with salmonella while incarcerated at the United States Penitentiary at Canaan in Waymart, Pennsylvania. The Defendant, the United States of America, conceded liability; accordingly, the matter proceeded to a bench trial on June 23, 2015 on the issue of damages only.

This Memorandum Opinion reflects the Court's findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52(a).

**FINDINGS OF FACT FOUND BY A PREPONDERANCE OF THE**

**EVIDENCE:**

1. On June 25, 2011, Brinson was a federal inmate incarcerated at the United States Penitentiary-Canaan in Waymart, Pennsylvania.

2. Brinson was negligently served and consumed chicken tainted with salmonella while duly incarcerated at the federal facility.

3. Brinson testified that he was ill with symptoms from salmonella for sixty (60) days.  This testimony is not credible as it is not supported by Brinson's medical records detailed below.

4. Defense Exhibit B contained Brinson's pertinent medical records relating to the salmonella incident in chronological order and indicated that Brinson first presented to medical staff on July 7, 2011. At that visit, the clinician wrote that Brinson "was sick last week with nausea/diarrhea/stomach pains but this has since resolved."

5. The Court determines that Brinson did have the symptoms of salmonella that he testified to - stomach pain, cramping, nausea, dehydration, and diarrhea for up to seven (7) days based on Exhibit B, Brinson's medical records (Exhibit B), together with the testimony of Dr. McDaniel Holloway.

6. Dr. Holloway is a physician who is board certified in emergency medicine.  Dr. Holloway was a physician at USP-Canaan at the time

of the salmonella outbreak; he was at home at the time of the outbreak, and was called into the facility to begin treatment of inmates who had consumed the salmonella-laced chicken, including Brinson.

7. Dr. Holloway and the rest of the prison medical team went to each unit "door-to-door" providing treatment.

8. Dr. Holloway testified that the standard medical protocol for treating salmonella, according to both the World Health Organization and the Centers for Disease Control, is hydration. Accordingly, the initial treatment of the sickened inmates generally, not specific to Brinson, was hydration, primarily through issuance of Gatorade sports drink.

9. Dr. Holloway further testified that there was no indication from Brinson's medical records that the salmonella infection went out of his gastrointestinal tract and into his blood stream to cause sepsis, as Brinson's vital signs were within normal limits at his July 7; July 22; August 4; August 15; August 18; September 1; and November 29, 2011 medical visits. Had the salmonella infection traveled outside of Brinson's gastrointestinal tract, his vital signs would not have been within normal limits at these visits. Dr. Holloway further testified that Brinson's case of salmonella was "very mild" as indicated by his "within normal limits" vital signs.

10. Despite Brinson's assertion that he should have been given medication for the salmonella, Dr. Holloway testified that antibiotics are contraindicated and should only be given for a salmonella infection in those who are very young, very old, or those who are immuno-compromised. Dr. Holloway repeatedly reinforced that hydration is the standard medical protocol for treating a case of salmonella.

11. Defendant's Exhibit B containing Brinson's pertinent medical records also indicates that Brinson had a pre-existing medical condition, gastroesophageal reflux disease, known as GERD. Dr. Holloway testified that the GERD may have caused some of Brinson's continuing bowel-related medical issues. Dr. Holloway further testified that GERD has symptoms similar to salmonella, with the exception of diarrhea.

12. On July 7, 2011, Brinson was diagnosed with sinusitis and was prescribed antibiotics. Dr. Holloway testified that the dose of antibiotics that Brinson was prescribed could have caused the diarrhea that Brinson later complained of.

13. Defendant's Exhibit B includes the result of a stool sample dated August 4, 2011, which returned a result positive for Salmonella

    Organism Serotype C. Dr. Holloway testified that a positive result does not necessarily mean that an individual was suffering from the effects of salmonella at the time, only that salmonella was found in the stool at that time.

14. The testimony of Brinson and Dr. Holloway combined with Brinson's medical records indicates that Brinson suffered the symptoms of salmonella infection for a maximum of seven (7) days.

**CONCLUSIONS OF LAW:**

1. Under the FTCA, "the district courts....have exclusive jurisdiction of civil actions on claims against the United States, for money damages...for...personal injury...caused by the negligent...omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 USCS § 1346(b).

2. The act or omission occurred in Waymart, Pennsylvania; accordingly, the Court applies the law of negligence in the Commonwealth of Pennsylvania.

3. In Pennsylvania, the elements of negligence are standard -- duty,

> breach, causation, and damages. *See Williams v. Syed*, 782 A.2d 1090 (Commw. Ct. 2001).

4. The Defendant has conceded liability, therefore the elements of duty, breach and causation need not be discussed other than to state this concession for the record.

5. In Pennsylvania, there are four elements that may comprise a damage award for noneconomic loss: First, pain and suffering (physical pain, mental anguish, discomfort, inconvenience and distress); second, embarrassment and humiliation; third, loss of ability to enjoy the pleasures of life; and fourth, disfigurement. *McManamon v. Washko*, 906 A.2d 1259, 1281 (Pa. Super. 2006).

6. Under the FTCA, the United States is "not [] liable for interest prior to judgment or for punitive damages" with the exception of cases in which death has occurred, punitive damages may be awarded. 28 U.S.C. § 2674.

7. Accordingly, Plaintiff will be denied pre-judgment interest and punitive damages.

8. Brinson repeatedly testified that his "rights" had somehow been violated by the United States Bureau of Prisons. The Court notes, however, that Brinson did not bring any claim alleging a violation or

violations of his rights under the Eighth Amendment of the United States Constitution; his complaint was filed exclusively under the FTCA.

9. The Court is guided by *Gil v. United States of America*, 2006 WL 385088 (M.D. Fl. 2006). Although it is not binding authority, it is persuasive, as it is a case with facts similar to the one at hand. In *Gil*, the court awarded a federal inmate who incurred damages stemming from food poisoning at a federal penitentiary fifty (50) dollars per day for an illness that "did not cause him to incur any medical expenses, lost wages, or other special damages" as he was a federal inmate, but was "limited to his intangible damages for pain and suffering, inconvenience, and loss of capacity for enjoyment of life."

10. Likewise, this Court concludes that considering all the testimony and evidence at trial by a preponderance of the evidence that Brinson did not incur medical expenses, lost wages, or other special damages as a result of the negligent salmonella poisoning. However, Brinson experienced pain and suffering for a maximum of seven days, and will be awarded fifty (50) dollars per day for seven (7) days of illness for a total damage award of $350.00.

**CONCLUSION AND CALCULATION OF DAMAGES:**

Final judgment will be entered in favor of Plaintiff and against Defendant. Plaintiff will be awarded $350.00 for damages for the Defendant's negligence for serving chicken tainted with salmonella to Brinson an inmate at USP-Canaan on or about June 25, 2011.  Judgment will be entered by separate Order in accordance with Fed. R. Civ. P. 58.

                BY THE COURT:

                  s/ Matthew W. Brann
                Matthew W. Brann
                United States District Judge